## WILLIAM B. TROWBRIDGE ET AL., TRUSTEES
*vs.*
## JAMES A. TROWBRIDGE, JR. ET AL.

Superior Court          Fairfield County          File No. 57376

MEMORANDUM FILED JUNE 25, 1940.

*Pullman & Comley*, of Bridgeport, for the Plaintiffs.

*Hirschberg, Pettengill, Strong & Deming*, of Greenwich, for the Defendants.

BOOTH, J.   The action is for a declaratory judgment construing the will of James A. Trowbridge and directing in what manner the trustees under such will shall carry out its provisions in making distribution of a trust fund established by paragraph seven thereof.

By the terms of the will it is provided that after the death of the testator's wife, his entire residuary estate shall be divided into four equal parts, three of which are made the corpus of

a trust estate with the provision that the net income thereof shall be paid to three of the testator's sons during their natural lives. Upon the death of any such son, his share is devised absolutely to his lawful issue, and if he dies without issue, then his share is divided among the surviving children of the testator or the surviving lawful issue of such deceased children.

One of these children, Gardiner Trowbridge, died September 14, 1938, leaving no natural children. Sometime prior to his death he adopted a child, Peter Trowbridge, through the Surrogate's Court in New York, by action taken on July 8, 1930, some nine years after the testator had executed the will now before the court.

The question involved is whether Peter Trowbridge is lawful issue of his adopted father, Gardiner Trowbridge, within the meaning of the seventh section of the testator's will. If he is such issue, his father's share of the aforementioned trust estate belongs to him. If not, it must be paid to the surviving children of the testator or their lawful issue.

The use of the term "lawful issue" has been held to embrace adoptive children and to exclude them, according to the intention of the testator whose will was under consideration. Evidence has been received to resolve the ambiguity present in the will arising from the use of this term. From such evidence it appears that the testator, although a man of great wealth, was completely absorbed in the careful accumulation of his fortune by the exercise of thrift. He also had a strong feeling for the integrity of his family group and its natural right to inherit his fortune. Apparently he did not readily embrace within his interests persons other than those belonging to his family, for his donations to charity were limited.

Coming now to the advent of Peter Trowbridge into the family circle, the court is satisfied that the testator did not look with approval thereon and this is most convincingly shown by the conduct of the adopting parents in failing to communicate to the testator anything other than the most casual details concerning the antecedents and the adoption proceedings of their newly-acquired child. In addition, the response of the testator to the proposed adoption in seeking legal advice as to the rights of such a child to inherit his estate and in drafting a will in which it was expressly provided that this should not occur, indicates strongly that he did not intend or contemplate the

inclusion of Peter Trowbridge in the language he had used to provide for descendents of his blood. As the result of the advice of his lawyer, he believed that Peter Trowbridge was not so included. This renders his failure to change his will as he had originally planned when contemplating other provisions, the necessity for which had ceased, of no significance.

The evidence offered to show the intent of the testator to have been contrary to that above set forth goes no further than to picture the kindly conduct of an old man toward a young and attractive child. It is devoid of any suggestion of an intent on his part to treat this child as one of his own blood. It is therefore concluded, in the light of these and all of the other circumstances which the evidence discloses, that the will of the testator does not devise the share of Gardiner Trowbridge upon his death to his adopted son, Peter Trowbridge, and that the trustees should pay such share in equal parts to Arthur L. Trowbridge, James A. Trowbridge, Jr. and William B. Trowbridge.

The questions propounded in the seventh paragraph of the complaint must, therefore, be answered as follows:

(a) "Lawful issue" as used in the will of James A. Trowbridge executed on October 25, 1921, does not include Peter Trowbridge. .

(b) The plaintiff-trustees under the seventh paragraph of said will should pay over and distribute the principal of the trust fund heretofore held for Gardiner Trowbridge to William B. Trowbridge, James A. Trowbridge, Jr. and Arthur L. Trowbridge, who are the "other children" of the testator.

Reasonable counsel fees to be fixed by the court may be allowed upon proper hearing.

Judgment may enter in accordance with the foregoing.